Voto de conformidad emitido por el
Juez Presidente Señor Hernández Denton,
al cual se unen los Jueces Asociados Señor Martínez Torres y Señor Kolthoff Caraballo.
El pasado 4 de noviembre autorizamos la grabación y transmisión de la vista de sentencia del caso Pueblo v. Malavé Zayas al amparo del Canon 15 de Ética Judicial, 4 LPRA Ap. IV-B. Ahora, a través de sus representantes legales, el Sr. Angel Malavé Zayas comparece ante nos para solicitar que dejemos sin efecto dicha autorización.
En síntesis, argumenta que nunca fue notificado de la petición que hicieran los gremios periodísticos y que la de-cisión de este Tribunal “sitúa al acusado en una innecesa-ria confrontación con los medios del País”. Además, esboza que la petición de los gremios periodísticos fue al amparo del Canon 15 de Etica Judicial, supra, y del Reglamento del Programa Experimental para el Uso de Cámaras Foto-gráficas y Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales (Programa Ex *840 perimental), por lo que debe ser atendida por el Tribunal de Primera Instancia. Por otra parte, arguye que el Canon 15, supra, no es autoejecutable, sino que es necesario que este Tribunal adopte un reglamento o enmiende el Regla-mento del Programa Experimental. Por último, señala que la vista de sentencia en este caso probablemente será de carácter contencioso y que contra el señor Malavé Zayas hay otros procedimientos criminales pendientes. En la so-licitud, indica que la cobertura mediática del caso ha sido amplia y notoria y que este Tribunal puede tomar conoci-miento de la misma.
En primer lugar, al tomar la determinación de autorizar la petición de los gremios periodísticos, este Tribunal con-sideró fundamental la etapa procesal en la que se encuen-tra el caso en el Tribunal de Primera Instancia y el posible perjuicio que podría sufrir el señor Malavé Zayas. Así lo hicimos constar en nuestro voto de conformidad cuando ex-presamos que
[...] al acceder a lo solicitado, consideramos cuidadosamente que este caso se encuentra en la etapa de vista de sentencia donde un Jurado deliberó y adjudicó la responsabilidad penal del acusado. O sea, no estamos ante una petición para trans-mitir el juicio o la vista preliminar, las cuales son etapas más sensitivas del proceso criminal. En este sentido, entendemos que mediante la transmisión de dicha vista el acusado no sufrirá un perjuicio y no existe un riesgo de que se afecte la administración de la justicia. Al contrario, sostenemos que se abona a la fiscalización de nuestro sistema [...] ASPRO et al., Ex parte I, 189 DPR 769, 773 (2013), voto de conformidad del Juez Presidente Señor Hernández Denton.
En segundo lugar, debemos aclarar que mediante la resolución In re C. 15; Regl. Uso Cámaras Proc. Jud., 188 DPR 424 (2013), este Tribunal enmendó el Canon 15 de Etica Judicial, supra, y adoptó el Reglamento del Programa Experimental. Dicho reglamento constituyó el primer conjunto de normas para autorizar la toma de fotogra-fías o video en el salón del tribunal durante la celebración de sesiones judiciales. Ahora bien, la adopción de dicho re- *841 glamento no limita en absoluto nuestra facultad como Tribunal Supremo para adoptar otras reglas, ni emitir órde-nes en un caso en particular, como lo hicimos en el caso de autos. Eso es posible gracias a la enmienda al Canon 15 que permite dicho proceder. Por todo lo anterior, la autori-zación que concedimos fue según lo dispuesto en dicho Canon y nuestro poder inherente. Por ello, no procede revocarla.
Sin embargo, como muy bien indica la solicitud, el pre-sente caso ha sido cubierto ampliamente por los medios de comunicación. Incluso, fue objeto de noticia la petición de los medios de comunicación para difundir la vista de sen-tencia, nuestra determinación y las reacciones de los repre-sentantes legales del señor Malavé Zayas. Por ende, nos sorprende que la defensa, compuesta por distinguidos le-trados de amplia experiencia en el ejercicio de la abogacía y con conocimiento de la normativa ética aplicable, hayan reaccionado a nuestra determinación en un tono destem-plado y al margen de los postulados deontológicos que ri-gen nuestra profesión. En particular, sus expresiones sobre que este Tribunal tomó su decisión “en cuartos obscuros” son incorrectas y lesivas a esta Curia. Véanse: C. López Gabán, “ ‘Cero cámaras’ para Wiso Malavé y Pablo Casellas”, en: Tas Noticias, Primera Hora, 6 de noviembre de 2013, pág. 14; M. Correa Velázquez, “Defensa truena contra decisión del Supremo”, en: Locales, El Vocero de Puerto Rico, 6 de noviembre de 2013, pág. 10; M.E. Rivera, “Su-prema descarga de abogados defensores de Malavé por cá-maras”, en: Noticel, 5 de noviembre de 2013, http:// www.noticel.com/noticia/150960 / suprema-descarga-de-abogados-defensores-de-malave-por-camaras. html (última visita, 25 de noviembre de 2013).
Lejos de eso, nuestra decisión es un paso adicional hacia la transparencia de la Judicatura puertorriqueña. Como indicamos en nuestro voto de conformidad, lo que nos mueve a autorizar la grabación y transmisión de la vista *842 de sentencia de este caso es que estamos convencidos que no se pone en juego la celebración de un juicio justo e imparcial. Además, aprovechamos la oportunidad para, a modo excepcional y experimental, evaluar los efectos de la transmisión de los procesos penales en las etapas posterio-res a la emisión de un fallo o veredicto y, sobre todo, conti-nuar avanzando en el camino de apertura y accesibilidad de los procesos judiciales en nuestro País.